### John Doherty & wife *vs.* V. K. Stevenson.

### October Term, 1873.

MULTIFARIOUSNESS—MOTION TO DISMISS FOR.—Since the provision of the Code, § 4,327, that the uniting in one bill of several matters of equity, distinct and independent, against one defendant is not multifariousness, it is impossible for a bill to be multifarious where there is only one defendant; and a prayer that, in a certain contingency which has not happened, another person be made a defendant does not make that person a party.

*Shackelford & Helms*, for complainants.
*G. M. Fogg, Jr.*, for defendant.

THE CHANCELLOR :—The defendant has moved to dismiss the bill for multifariousness under the Code, section 4,386, subsec. 6, which provides that a bill may be dismissed upon that ground on motion.

But by the Code, § 4,327, it is also provided that: "The uniting in one bill of several matters of equity, distinct and unconnected, against one defendant, is not multifariousness." And as there is but one defendant to this bill, it is utterly impossible for it to be multifarious, so far as he is concerned.

The prayer of the bill is that if it cannot be sustained upon the grounds upon which relief is sought, that it be permitted to stand as an original bill in the nature of a bill of review in the case of *Magdalen Kidd* v. *John Doherty* and wife, in this court, to review it for error of law on its face, and, in that event, that complainants have leave to amend by making Magdalen Kidd a party defendant. It is argued that this prayer makes the bill multifarious. But, at present, Magdalen Kidd is not a defendant, and may never be made such. It will be time enough to consider whether the complainant can change the character of his bill, and make a new defendant when he seeks to effectuate his prayer. He has made only one defendant thus far, and is not now seeking to make any other. Sufficient unto the day is the evil thereof. The motion to dismiss is disallowed. 2 Paige, 438.